\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEITH ANDRE WILSON | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv130 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keith Andre Wilson, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

In his objections, petitioner initially states he intended to raise civil rights claims in his filing as well as habeas claims. The court has entered an order severing petitioner's civil rights claims into a separate lawsuit. The denial of this petition will therefore have no effect on petitioner's civil rights claims.

The Magistrate Judge concluded petitioner's habeas claims were without merit because, based on the punishment imposed as a result of the disciplinary conviction, petitioner was not entitled to due process of law in connection with the disciplinary proceeding. In his objections, petitioner describes the actions he believes deprived him of due process of law. He also contends he had a liberty interest with respect to the sanctions imposed and was therefore entitled to due

**NOT FOR PRINTED PUBLICATION**

process.

Whether or not a protected liberty interest exists with respect to a particular sanction depends on whether the sanction will affect the amount of time an inmate remains incarcerated. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Petitioner was not required to forfeit good conduct time credits as a result of his disciplinary conviction. As a result, the sanctions imposed will not affect the amount of time petitioner remains incarcerated. Petitioner was therefore not entitled to due process of law with respect to the proceeding. *Starks v. Pettiford*, 78 F. App'x 426 (5th Cir. 2003).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the

**NOT FOR PRINTED PUBLICATION**

severity of the penalty imposed on the petitioner may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**
**Jul 25, 2020**

_____
Ron Clark
Senior Judge